**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-3523

IBRAHIM DALIS,

    Plaintiff,

v.

LYFT, INC.,

    Defendant.

---

**NOTICE OF REMOVAL**

---

    Defendant Lyft, Inc. ("Defendant" or "Lyft"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331 1441, and 1446, hereby removes this action from the Denver County District Court, State of Colorado, Case No. 2020CV381, to the United States District Court for the District of Colorado. In addition to removing this matter, Defendant specifically reserve its rights to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for this removal, Defendant states as follows:

**A.    Procedural Background.**

    1.    Plaintiff Ibrahim Dalis ("Dalis" or "Plaintiff") filed a civil complaint against Lyft in the District Court for Denver County, State of Colorado, Case No. 2020CV381, Division 269, on or about August 31, 2020 (the "State Court Action").

    2.    A copy of the entire case file in the State Court Action is attached at **Exhibit A**. Lyft was served on or about October 30, 2020 with the pleadings setting forth the claims for relief asserted in the State Court Action. The Complaint, Jury Demand and Petition for

Declaratory Judgment ("Complaint") lists causes of action for worker misclassification (independent contractor v. employee); breach of contract; unjust enrichment; bad faith and unfair dealing; violation of the Fair Labor Standards Act ("FLSA") under 29 U.S.C. §§ 206 and 207; a minimum wage claim under Colorado Wage Order 35; an overtime claim under Colorado Wage Order 35; failure to reimburse necessary expenses under unjust enrichment and Wage Order 35; wage statement claim under the Colorado Wage Claim Act, C.R.S. § 8-4-103(4); and meal and rest break claim under Colorado Wage Order 35.  (**Exhibit A**, Complaint, ¶¶ 73-151).

3. As noted in preceding Paragraph, Plaintiff alleges claims arising under the FLSA pursuant to 29 U.S.C. §§ 206 and 207 (collectively the "FLSA Claims").  (*See* **Exhibit A**, Complaint, ¶¶ 112-122).  As a result, this is a civil action in which the district courts of the United States have original, federal question, jurisdiction under 28 U.S.C. § 1331.

4. Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in state court asserting a claim over which the district courts of the United States have original jurisdiction may be removed to the United States District Court embracing the state court where the action is pending.  The court in which Plaintiff's State Court Action was filed, the Denver County District Court, State of Colorado, is located within the District of Colorado.

5. Plaintiff also has alleged state law claims based on his alleged worker misclassification as an independent contractor as opposed an employee for: misclassification; breach of contract; unjust enrichment; bad faith and unfair dealing; minimum wage claim under Colorado Wage Order 35; overtime claim under Colorado Wage Order 35; failure to reimburse necessary expenses under unjust enrichment and Wage Order 35; wage statement claim under Colorado Revised Statutes, 8-4-103(4); and meal and rest break claim under Colorado Wage

Order 35 (collectively "State Law Claims").  (**Exhibit A**, Complaint, ¶¶ 73-151).  Each of Plaintiff's State Law Claims, like his FLSA Claims, share a common nucleus of operative facts with his FLSA Claims, and are thus so related to the FLSA Claims that they form part of the same case or controversy.  (*See* **Exhibit A**, Complaint, ¶¶ 112-122).

6. Because the State Law Claims are so related to the FLSA Claims that they form part of the same case or controversy, this Court has supplemental jurisdiction over Plaintiff's State Law Claims pursuant to 28 U.S.C. § 1367(a).

7. This Notice of Removal is being filed within 30 days after the receipt by Lyft, through service or otherwise, of a copy of the initial pleading and is, therefore, timely.  28 U.S.C. § 1446(b)(1).

8. Pursuant to 28 U.S.C. § 1446(d), Lyft is giving written notice of this removal to all parties and filing a copy of the notice with the Clerk of the District Court for Denver County, State of Colorado.  A Notice of Filing of Notice of Removal, a copy of which is attached at **Exhibit B**, and a copy of this Notice of Removal will be promptly filed with the Denver County District Court, State of Colorado.  28 U.S.C. § 1446(d).

9. This case is properly removable to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

10. In filing this Notice of Removal, Defendant reserves any defenses available to it in this action.

WHEREFORE, Lyft hereby removes this action from the Denver County District Court, State of Colorado to the United States District Court for the District of Colorado.

Respectfully submitted this 30th day of November, 2020.

          OGLETREE, DEAKINS, NASH, SMOAK &
          STEWART, P.C.

          *s/ Raul Chacon, Jr.*
          Roger G. Trim
          Raul Chacon, Jr.
          2000 South Colorado Blvd.
          Tower Three, Suite 900
          Denver, CO  80222
          Telephone:  303.764.6800
          Facsimile:  303.831.9246
          roger.trim@ogletreedeakins.com
          raul.chacon@ogletreedeakins.com

          *Attorneys for Defendant Lyft, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served a true and accurate copy of the same via email and US Mail upon the following:

Ibrahim Dalis
17509 East Temple Drive
Aurora, CO 80015
dalisbe@gmail.com

                                        *s/ Barbara J. Esquibel*
                                        Barbara J. Esquibel, Paralegal